IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIMON NICHOLAS RICHMOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-4298-K |
| | § | |
| SW CLOSEOUTS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Simon Nicholas Richmond ("Plaintiff") has filed motions for default judgment against Defendants SW Closeouts, Inc. ("SWC"), Quang Ho Nhat Nguyen ("Nguyen), and Stealth Wholesale, Inc. ("Stealth"). *See* Dkt. Nos. 18, 19, & 27. United States District Judge Ed Kinkeade has referred these motions to the undersigned United States magistrate judge for recommendation. *See* Dkt. Nos. 22 & 28. SWC, Nguyen, and Stealth have not filed answers or otherwise responded within the deadlines for their doing so.

For the reasons explained below, Plaintiff's motions for default judgment against SWC and Nguyen [Dkt. Nos. 18 & 19] should be granted, and Plaintiff's motion for default judgment against Stealth [Dkt. No. 27] should be denied.

**Background**

Plaintiff Simon Nicholas Richmond owns United States patent number 8,514,094 B2 ("the '094 Patent" or "Patent-in-Suit"), entitled "Solar Gazing Globe." *See* Dkt. No.

1 at ¶ 24. On December 5, 2014, Plaintiff filed this action against SWC, Nguyen, Stealth, and John Brewster asserting patent infringement claims and seeking damages and injunctive relief. *See id.* at § 10. Plaintiff alleges that the Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because it arises under the patent laws of the United States. *See id.* at § 2. Plaintiff also alleges that this Court has personal jurisdiction over Defendants because they have systemic and continuous contacts within this District. *See id.* at § 3.

Plaintiff specifically contends that SWC and Nguyen directly infringed on the '094 Patent by selling and importing, respectively, solar lights – model number SWBALL – and a glass crackle ball light – eBay item number 271455524434. *See id.* at ¶¶ 65, 67, 69, 71. Plaintiff also alleges that Nguyen and SWC induced Brewster's infringement of the '094 Patent. *See id.* at ¶¶ 73, 78, 86. Plaintiff alleges that Nguyen induced SWC's infringement as well. *See id.* at ¶ 78. Plaintiff contends that, on June 24, 2014, he notified Nguyen and SWC about their infringement of the Patent-in-Suit. *See id.* at ¶¶ 54, 55, 92. He also sent a notice of infringement to stealthimports@yahoo.com. *See id.* at ¶ 54.

Brewster answered this action on January 30, 2015. *See* Dkt. No. 7. Although SWC, Nguyen, and Stealth were served, they have not answered or otherwise responded to this suit, and their deadline to do so has expired under the Federal Rules of Civil Procedure. *See* Dkt. Nos. 9, 10, & 20. The Clerk of the Court has entered defaults against Defendants. *See* Dkt. Nos. 16, 17, & 25.

Plaintiff moves for partial default judgments as to liability against Nguyen, SWC,

and Stealth and full default judgments as to his request for injunctive relief. *See* Dkt. Nos. 18, 19, & 27. Plaintiff also requests leave to conduct post-judgment discovery to determine damages.

## Legal Standards

The Court may enter a default judgment when a defendant fails to answer or otherwise respond to a complaint within the time required by the Federal Rules and after the Clerk makes an entry of default. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations.'" *Wooten v. McDonald Transit Associates, Inc.*, ___ F.3d ____, No. 13-11035, 2015 WL 3622111, at *3 (5th Cir. June 10, 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

To obtain a default judgment, Plaintiff must make a *prima facie* showing of jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).

There must also be a sufficient basis in the pleadings for the judgment requested. *See Wooten*, 2015 WL 3622111, at *5. Federal Rule of Civil Procedure 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). "[D]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

## Analysis

Nguyen, SWC, and Stealth failed to answer or otherwise respond to Plaintiff's Complaint, and the Clerk entered a default against them. Plaintiff's request for a default judgment is contingent on whether he made a *prima facie* showing of jurisdiction and pleaded his patent infringement claims against the defaulting Defendants in a manner that satisfies Rule 8.

Plaintiff has sufficiently shown that the Court has jurisdiction over this matter. The Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this is a patent infringement action. *See* Dkt. No. 1 at § 2. Further, Plaintiff has made a *prima facie* showing of the Court's personal jurisdiction over SWC, Nguyen, and Stealth by alleging that they had continuous and systemic contacts in this district. *See id.*

But Plaintiff's Complaint does not show that he has a right to relief against Stealth for direct patent infringement. To plead direct patent infringement, Plaintiff must meet the requirements of Form 18 of the Federal Rules of Civil Procedure. *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed Cir. 2012). Form 18 comports with Rule 8. *See id.* The governing standard simply requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the

patent; (3) a statement that defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Id.* (internal quotation marks omitted).

Plaintiff meets the first, second, and fifth requirements. He alleges that this Court has subject matter and personal jurisdiction over this action; states his ownership of the Patent-in-Suit; and demands damages and injunctive relief. *See* Dkt. No. 1 at 3 & ¶¶ 24-25, 74-75. But Plaintiff does not allege that Stealth infringed on the '094 Patent. *See id.* Plaintiff alleges that

> Nguyen has knowingly induced infringement in the United States of . . . Stealth Inc. <u>as identified in the Counts below</u> . . . .

*Id.* at ¶ 17 (emphasis added). But Plaintiff does not identify Stealth's infringement in his complaint or its counts. *See* Dkt. No. 1. Plaintiff pleads that Stealth sells products that are imported by SWC but does not state that these particular products – or Stealth's other products – infringe on the '094 Patent. *See id.* at ¶ 33. Even if Plaintiff did state that Stealth infringed on the '094 Patent, Plaintiff has not clearly satisfied the notice requirement. While Plaintiff contends that he sent a notice of infringement to an email address titled "stealthimport@yahoo.com," he does not explicitly state that this email address is connected to Stealth. *See id.* at ¶ 54.

Plaintiff also has not properly pleaded an induced infringement claim against Stealth. Induced infringement is properly pleaded if a patentee alleges that "there has been direct infringement" and "that the alleged infringer knowingly induced

infringement and possessed specific intent to encourage another's infringement." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (internal quotation marks omitted). Plaintiff's Complaint states:

> Nguyen and his alter ego entities including ... Stealth ... have knowingly acted with intent to induce infringement by others in the United States, <u>as detailed below</u>.

Dkt. No. 1 at ¶ 16 (emphasis added). Yet the Complaint is devoid of any statement that details Stealth's alleged inducement. Further, Plaintiff's unadorned statement that Nguyen and SWC are Stealth's alter egos does not correct this deficiency.

In short, Plaintiff does not provide Stealth with notice of the grounds on which his patent infringement claims are based. The undersigned therefore concludes that Plaintiff cannot obtain a default judgment against Defendant Stealth Wholesale, Inc.

But Plaintiff has sufficiently pleaded his direct patent infringement claims against Nguyen and SWC. As discussed above, Plaintiff's complaint pleads jurisdiction, patent ownership, and requests for relief. Plaintiff also states that Nguyen and SWC sell and import lights – model number SWBALL and eBay item number 271455524434 – that infringe on the '094 Patent. *See id.* at ¶¶ 65, 67, 69, & 71. Plaintiff further states that he gave Nguyen and SWC notice of their infringement. *See id.* at ¶¶ 54, 55, & 92.

Plaintiff has also properly pleaded induced infringement against Nguyen and SWC. Plaintiff states that Nguyen, though his ongoing relationships with SWC and Brewster, specifically intended to encourage their respective infringement of the '094 Patent. *See* Dkt. No. 1. at ¶¶ 78-79, 86-87. Plaintiff also alleges that SWC intentionally induced Brewster's infringement of the '094 Patent by providing him with marketing

-6-

images of the infringing products for his commercial use. *See id.* at ¶ 82. These allegations satisfy Rule 8 and Form 18 and are unassailable on the merits.

The undersigned therefore concludes that the Court should grant Plaintiff's motions for partial default judgment on liability and injunctive relief on his claims against Nguyen and SWC.

Finally, the Court should permit Plaintiff to conduct discovery, to the extent allowed by the Federal Rules of Civil Procedure, to obtain evidence to support its request for damages against Nguyen and SWC.

## Recommendation

Because Plaintiff has not sufficiently pleaded his claims against Defendant Stealth Wholesale, Inc., Plaintiff's Motion for Default Judgment and Partial Default Judgment as to Liability Against Stealth Wholesale, Inc. [Dkt. No. 27] should be denied. But Plaintiff's Amended Motions for Default Judgment and Partial Default Judgment as to Liability Against Nguyen and SWC [Dkt. Nos. 18 and 19] should be granted. Plaintiff should also be granted leave to conduct post-judgment discovery against Nguyen and SWC to determine damages.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 17, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE