IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIMON NICHOLAS RICHMOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-4298-K |
| | § | |
| SW CLOSEOUTS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES AND REQUEST FOR SANCTIONS**

The Court previously granted Plaintiff Simon Nicholas Richmond's ("Plaintiff")

motions for default judgment against Defendants SW Closeouts, Inc. ("SWC") and

Quang Ho Nhat Nguyen ("Nguyen"). Dkt. No. 34. And, after considering Plaintiff's

briefing, *see* Dkt. Nos. 18 and 19, the Court concluded that Plaintiff has made the

required showing to permit the discovery that he seeks from SWC and Nguyen and

granted Plaintiff the authority to conduct limited discovery to determine the amount

of his damages, costs, and attorneys' fees, to the extent allowed by the Federal Rules

of Civil Procedure, against SWC and Nguyen. *See* Dkt. No. 25.

In conjunction with a court-ordered status report [Dkt. No. 42], Plaintiff has now

moved the Court to compel SWC and Nguyen to respond to Plaintiff's discovery

requests that he served on February 12, 2016 and to sanction SWC and Nguyen

(collectively, "Defendants") for their failure to respond to those requests. *See* Dkt. No.

42.

-1-

United States District Judge Ed Kinkeade referred this Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 42] (the "MTC") to the undersigned United States magistrate judge for determination. *See* Dkt. No. 44.

Defendants have not responded to the MTC, and their time to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(e).

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part Plaintiff's MTC [Dkt. No. 42].[1]

## Background

In the MTC, Plaintiff reports that, on February 12, 2016, he served, by hand delivery, his discovery requests on Defendants pursuant to Federal Rules of Civil Procedure 33 (interrogatories), 34 (requests for production), and 36 (requests for admission), each of which allows 30 days for Defendants to respond with their answers and objections to the discovery requests. Plaintiff also reports that, at the same time, he served, by hand delivery, a notice of deposition as to SWC and Nguyen.

Plaintiff's MTC explains that neither SWC nor Nguyen responded to Plaintiff's discovery requests or appeared for their noticed depositions. Before filing the MTC, Plaintiff explains that he again attempted to contact Defendants but has not received a response from Defendants as of the date of the MTC's filing. According to Plaintiff,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

the certified mail was not picked up by Defendants, and the certified mail tracking information indicates that the mail is en route back to Plaintiff. But the first-class mail sent to the same address approximately two weeks prior (containing the same letter/documents) has not been returned, indicating that it was delivered to the respective addresses of Defendants.

Plaintiff asks the Court to order SWC and Nguyen to respond to Plaintiff's discovery requests and to sanction Defendants for their failure to respond to those requests. Plaintiff further requests that the requests for admissions propounded on Defendants be deemed admitted, given Defendant's failing to serve any denials or objections. According to Plaintiff, because there is no reasonable justification for the refusal of Defendants to produce the discovery as requested, Plaintiff should be awarded, under Federal Rule of Civil Procedure 37(a)(5), the attorneys' fees in the amount of $8,455.00 and expenses in the amount of $433.92 that he incurred in seeking voluntary production of the documents and responses to the interrogatories and requests for admission and in connection with bringing his motion to compel Defendants to answer this discovery.

## Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P.

37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4).

A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary

proof of the time or expense involved in responding to the discovery request.").

A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of her objection to a request, and, if she does not, she waives the objection. *See Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999).

Federal Rules of Civil Procedure Rules 26(b) and 26(c) have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The amendments to Rules 26 and 34 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended, in resolving Plaintiff's MTC is both just and practicable.

Further, for the reasons the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party

resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(B)-(C) further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially

justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

Under Federal Rule of Civil Procedure 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of [Federal Rule of Civil Procedure] 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). Under Rule 36(a), when a request for admission is served, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney," although "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). "This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (footnotes omitted).

## Analysis

<u>Requests for Production and Interrogatories</u>

Defendants have not responded or objected to the requests for production or interrogatories that Plaintiff served on them. Any objections to Plaintiff's discovery requests are therefore waived. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). If a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses th at failure. *See, e.g.*, *id.* ("We readily agree with the district court that as a general rule, when a party fails to object timely to ... production requests ... objections thereto are waived."); *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, Civ. No. H-7-2426, 2008 WL 2036816, at *5 (S.D. Tex. May 9, 2008) ("Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.") (internal quotation marks omitted). And Federal Rule of Civil Procedure 33(b)(4) specifically provides as to interrogatories that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

Defendants – who are already in default – have not timely responded to the MTC and so have not provided the Court with any basis or grounds to find good cause to excuse Defendants' failure to timely respond, answer, or object to Plaintiff's requests

for production and interrogatories.

Without objections by Defendants or a response to the MTC, the Court will grant in part and deny in part the MTC under Rule 37(a) as follows:

· Defendants must, by **June 22, 2016**, serve on Plaintiff's counsel complete written responses – without objections – to, and produce all responsive documents in response to, Plaintiff's Post-Judgment Requests for Production. *See* Dkt. No. 42-1.

· Defendants also must, by **June 22, 2016**, serve on Plaintiff's counsel complete answers – without objections – to the first 25 numbered interrogatories in Plaintiff's Interrogatories in Aid of Judgment. *See* Dkt. No. 42-1. The Court notes that Federal Rule of Civil Procedure 33(a)(1) permits only 25 interrogatories without an order of the court, which Plaintiff has not sought. *See* FED. R. CIV. P. 33(a)(1). And, even if this could be considered post-judgment discovery under Federal Rule of Civil Procedure 69(a)(2) (although there is not yet a judgment, and this discovery is permitted to fix the amount of a judgment yet to be entered), and even though there is no such limit on the number of interrogatories under Texas Rule of Civil Procedure 621a, Plaintiff has not elected to proceed under Texas state rules under Rule 69(a)(2) but rather invoked Federal Rule of Civil Procedure 33. *See* TEX. R. CIV. P. 190.6. Accordingly, the Court will not compel Defendants to answer more than these 25 interrogatories.

-11-

<u>Requests for Admission</u>

Because Rule 36 is self-executing, in the absence of a timely-served written and signed answer or objection addressed to each matter, all of the Rule 36 requests for admission that Plaintiff served on Defendants are deemed admitted by default. *See In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001). Because the 30-day deadline ran, Defendants' sole recourse is to move to withdraw or amend the deemed admissions under Rule 36(b). *See id.* at 419. But they have not done so, and the Court has no basis to otherwise order any deemed admission withdrawn.

<u>Rule 37(a)(5) Award of Expenses.</u>

The Court determines, based on the record before it, that Plaintiff attempted in good faith to obtain the discovery at issue in his MTC without court action before filing the MTC. Further, the Court finds that Defendants – who had the opportunity to respond to Plaintiff's request in the MTC for an award under Rule 37(a)(5) – have not established that their nondisclosures and failures to respond and answer were substantially justified or that other circumstances make an award of expenses under Rule 37(a)(5) unjust.

Accordingly, the Court will, pursuant to Rule 37(a)(5)(C), apportion the reasonable expenses for the MTC by ordering that Defendants SW Closeouts, Inc. and Quang Ho Nhat Nguyen are required to pay, jointly and severally, Plaintiff Simon Nicholas Richmond his reasonable attorneys' fees and costs incurred in making his Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 42], limited specifically to the reasonable attorneys' fees and costs incurred in drafting and

filing the MTC as to Plaintiff's Post-Judgment Requests for Production and the first 25 numbered interrogatories in Plaintiff's Interrogatories in Aid of Judgment. But this award does not include any attorneys' fees or costs that Plaintiff incurred prior to the deadline for Defendants to serve objections and responses to Plaintiff's Post-Judgment Requests for Production and Plaintiff's Interrogatories in Aid of Judgment, including any attorneys' fees or costs incurred in connection with Plaintiff's counsel's preparing and propounding the discovery requests at issue. And it does not include any fees or costs incurred in connection with Plaintiff's requests for admission, where Rule 37 does not provide for a motion to compel answers to Rule 36 requests for admission and where sanctions are available as to Rule 36 requests only where a party fails to admit what is requested under Rule 36 and the requesting party later proves a document to be genuine or the matter true. *See* FED. R. CIV. P. 37(c)(2).

Plaintiff requests an order requiring Defendants to pay attorneys' fees in the amount of $8,455.00 and expenses in the amount of $433.92, but Plaintiff has not fully explained the specific basis for these requested amounts or the reasonableness of the underlying hours and timekeepers' rates – and, of course, could not have done so without the benefit of the directions in this order.

The Court therefore orders Plaintiff to, by no later than **June 23, 2016**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the attorneys' fees and costs (as described above) to be awarded under Rule 37(a)(5). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records,

and citations to relevant authorities and shall set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37).

Defendants must file any response to the application for attorneys' fees and costs by **July 14, 2016**, and, if Defendants timely file a response, Plaintiff must file a reply in response to his application by **July 28, 2016**.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 42].

Not later than **July 14, 2016**, Plaintiff shall file an updated status report with the Court advising of the status of the limited discovery that the Court has permitted and whether it is anticipated that an evidentiary hearing on the issues of damages, attorneys' fees, and costs will be required.

SO ORDERED.

DATED: June 2, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-14-