IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIMON NICHOLAS RICHMOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-4298-K |
| | § | |
| SW CLOSEOUTS, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Simon Nicholas Richmond ("Plaintiff") has filed an Application for Attorneys' Fees (the "Application"). *See* Dkt. No. 46. United States District Judge Ed Kinkeade has referred the Application to the undersigned United States magistrate judge for determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 47.

For the reasons explained below, the Court GRANTS Plaintiff's Application.

## Background

Plaintiff filed a Motion to Compel Discovery Responses and Request for Sanctions (the "MTC"), requesting the Court to enter an order compelling Defendants SW Closeouts Inc. and Quang Ho Nhat Nguyen ("Defendants") to respond to nineteen requests for production and fifty-one interrogatories. *See* Dkt. No. 42. Judge Kinkeade referred the MTC to the undersigned for determination. *See* Dkt. No. 43.

On June 2, 2016, the Court entered a Memorandum Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery Responses and Request for Sanctions. *See* Dkt. No. 45. Specifically, the Court ordered

-1-

Defendants to produce all responsive documents to Plaintiff's requests for production but only compelled Defendants to answer Plaintiff's first twenty-five interrogatories, pursuant to the limit established by Federal Rule of Civil Procedure 33(a)(1). *See id.* at 11.

The Court explained that "Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted ... the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, except that the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at 8 (quoting FED. R. CIV. P. 37(a)(5)(A). As the Court further explained, Federal Rule of Civil Procedure 37(a)(5) also provides that, if a motion to compel "is granted in part and denied in part, the court may ... after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

The Court determined that the conditions that would preclude payment under Rule 37(a)(5) are not present in connection with Plaintiff's MTC. *See* Dkt. No. 45 at 12. As the Court explained, "[a]ccordingly, the Court will, pursuant to Rule 37(a)(5)(C), apportion the reasonable expenses for the MTC by ordering that Defendants SW Closeouts, Inc. and Quang Ho Nhat Nguyen are required to pay, jointly and severally,

Plaintiff Simon Nicholas Richmond his reasonable attorneys' fees and costs incurred in making his Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 42], limited specifically to the reasonable attorneys' fees and costs incurred in drafting and filing the MTC as to Plaintiff's Post-Judgment Requests for Production and the first 25 numbered interrogatories in Plaintiff's Interrogatories in Aid of Judgment. But this award does not include any attorneys' fees or costs that Plaintiff incurred prior to the deadline for Defendants to serve objections and responses to Plaintiff's Post-Judgment Requests for Production and Plaintiff's Interrogatories in Aid of Judgment, including any attorneys' fees or costs incurred in connection with Plaintiff's counsel's preparing and propounding the discovery requests at issue. And it does not include any fees or costs incurred in connection with Plaintiff's requests for admission...." *Id.* at 12-13.

The Court noted that "Plaintiff requests an order requiring Defendants to pay attorneys' fees in the amount of $8,455.00 and expenses in the amount of $433.92, but ... has not fully explained the specific basis for these requested amounts or the reasonableness of the underlying hours and timekeepers' rates – and, of course, could not have done so without the benefit of the directions in this order." *Id.* at 13. The Court ordered Plaintiff to file an application for attorneys' fees and costs to be awarded under Rule 37(a)(5). *See id.*

Plaintiff filed this Application on June 23, 2016. *See* Dkt. No. 46.

The Court ordered Defendants to file their response to the Application by July 14, 2016. See Dkt. No. 45 at 14. Defendants did not respond to Plaintiff's Application,

and their time to do so has expired. *See id.*

## Legal Standards

The undersigned has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37. *See* Dkt. No. 47; 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.

1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id*. The hours remaining are those reasonably expended. *See id*. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. Further, the lodestar amount may not be adjusted due to a *Johnson* factor that was already taken into account during the

initial calculation of the lodestar, *see Saizan*, 448 F.3d at 800, and the lodestar calculation may take into account several *Johnson* factors, *see Black v. SettlePou, P.C.*, 732 F.3d 492, 503 n.8 (5th Cir. 2013).

Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion – that is, the "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The Court recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have called into question. *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, has continued to utilize the approach laid out by this Court. *See Black*, 732 F.3d at 502-03; *but see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And the Fifth Circuit, in a recent published opinion, has rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, ___ F.3d ____, No. 15-40436, 2016 WL 3878176, at *4 (5th Cir. July 15, 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar;

indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.' "). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554, 130 S. Ct. 1662.

....

And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554, 130 S. Ct. 1662. .... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare. ....

In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54, 130 S. Ct. 1662.

*Id.* at *4-*5.

*Perdue*, then, did not change the landscape of calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will take into account the necessary factors when determining the appropriate amount of attorneys' fees to be awarded under Rule 37(a)(5).

## Analysis

Plaintiff's Application requests an order requiring Defendants to pay his costs and fees in the amount of $2,950.04. *See* Dkt. No. 46 at 1. Plaintiff calculated the fees

that he incurred by multiplying the 19.6 hours worked by the hourly rates of the attorney and paralegal who billed those hours to arrive at the total of $2,929.00. *See id*. Plaintiff also seeks $21.04 in costs pertaining to various mailings to Defendants regarding the MTC. *See id*. at 4.

The fees sought consist of work performed by an attorney, Theodore F. Shiells, and a paralegal from the Shiells Law Firm, P.C. The reported time is attributable to drafting, editing, and filing Plaintiff's MTC seeking responses to his first twenty-five interrogatories and requests for production as well as correspondence with opposing counsel regarding said discovery. *See id*. at 3-4. Plaintiff seeks 3.4 hours at $385.00 an hour ($1,309.00) for the work performed by Mr. Shiells and 16.2 hours at $100.00 an hour ($1,620.00) for the work performed by his firm's paralegal, for a total of $2,929.00. *See id*. at 1, 3-4.

Plaintiff's Application is supported by the Declaration of Theodore F. Shiells, which incorporates his firm's records and the 2015 American Intellectual Property Law Association Survey ("AIPLA Survey") as support. *See* Dkt. No. 46-1 at ¶¶ 4,6. Mr. Shiells declares that he has 33 years of intellectual property litigation experience. *See id*. at ¶ 3. The AIPLA Survey shows that the average billing rates for intellectual property attorneys with 25-34 years of experience is between $300 to $500 per hour. *Id*. at 8; *see also id*. at ¶ 4. Though Mr. Shiells explains that his "billing rate [of $385 per hour] is significantly below that of similarly experienced litigators in the area of patent litigation," the AIPLA Survey shows that Shiells' rates are within the range – not below. *Id*. at ¶ 4. Mr. Shiells further declares that, based on his experience of

approximately twenty years of practice in the Dallas area, the paralegal's rates are below the average paralegal rates charged in the area. *See id.* at ¶ 5.

The billing records Mr. Shiells submitted reflect the work that he performed along with a paralegal. *See id.* at ¶¶ 3-6.The records include a narrative description of the work done and the number of hours that it took to complete the work. *See id.* at ¶ 6.

The Court has carefully reviewed these records and finds that the 19.6 total hours that Plaintiff attributes to briefing, editing, and filing the MTC and communicating with Defendants' counsel regarding the MTC are reasonable and necessary and not excessive, duplicative, or inadequately documented and therefore were reasonably expended for the tasks for which the Court has determined that Plaintiff should be awarded his attorneys' fees.

Mr. Shiells's declaration contains evidence (the AIPLA Survey) that the requested rates are in line with those prevailing for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See id.* at 4-8. Although the AIPLA Survey does not indicate which rates are prevalent in this judicial district, *see id.*, it is well-established that the Court may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services, *see Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976); *see also Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees); *accord Tollett*, 285 F.3d at 368.

The Court finds that hourly rates of $385.00 for a 33-year lawyer and $100.00 for a paralegal are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area.

The Court therefore finds the appropriate lodestar here to be calculated as 3.4 hours at $385.00 an hour ($1,309.00) for the work performed by Mr. Shiells and 16.2 hours at $100.00 an hour ($1,620.00) for the work performed by his firm's paralegal, for a total of $2,929.00.

The Court has considered the *Johnson* factors but notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, the Court notes that Plaintiff does not seek an enhancement of his attorneys' fees. And the Court finds that there are no other exceptional circumstances.

The Court further determines that Plaintiff may properly recover his requested costs incurred in the amount of "$21.04 in postage costs for various certified and regular mail items sent to Defendants SW Closeouts Inc. and Quang Ho Nhat Nguyen, related to Plaintiff's Motion to Compel Discovery Responses." Dkt. No. 46-1 at ¶ 8. "The 'expenses' allowed under Rule 37 include both attorneys' fees and costs reasonably incurred in bringing the motion to compel." *Aevoe Corp. v. AE Tech Co.*, No. 2:12-CV-00053-GMN-NJK, 2013 WL 5324787, at *8 (D. Nev. Sept. 20, 2013).

## Conclusion

The Court GRANTS Plaintiff's Application for Attorney's Fees and Costs [Dkt. No. 46] and ORDERS that Defendants SW Closeouts, Inc. and Quang Ho Nhat Nguyen are required, jointly and severally, to, by **September 12, 2016**, pay Plaintiff Simon

-10-

Nicholas Richmond his reasonable attorneys' fees and costs incurred in making his Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 42] in the amount of $2,950.04.

Not later than **September 26, 2016**, Plaintiff must file an updated status report with the Court advising of the status of Defendants' compliance with this order and the Court's Memorandum Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery Responses and Request for Sanctions [Dkt. No. 45].

SO ORDERED.

DATED: August 16, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE